IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD                 :      CIVIL ACTION
                               :
         v.                    :
                               :
BENEFICIAL SAVINGS BANK        :      NO. 12-4951

MEMORANDUM

Bartle, J.                                        October 11, 2012

Sarah Archbold ("Archbold") has filed suit against Beneficial Savings Bank ("Beneficial") for alleged violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. Archbold alleges that she used an Automatic Teller Machine ("ATM") operated by Beneficial and was charged a fee for her transaction despite the absence of an external fee notice posted at or near the ATM, as required by 12 C.F.R. § 205.16(c)(1). Before the court is the motion of Beneficial to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Archbold filed her complaint against Beneficial in the Court of Common Pleas of Montgomery County, Pennsylvania on April 9, 2012. On August 28, 2012, Beneficial removed the action to this court on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. On August 29, 2012, Beneficial sent Archbold an offer of judgment pursuant to Rule 68(a) of the Federal Rules of Civil Procedure. The offer in Archbold's favor was "in the amount of $1,003.00 excluding costs and attorneys'

fees recoverable by the Plaintiff or her counsel incurred through the date of the offer, in satisfaction or all claims set forth in the Complain [sic]."

> Rule 68(a) provides in relevant part:
>
> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

On September 5, 2012, less than fourteen days after the offer was extended, counsel for Beneficial sent Archbold's counsel a letter by email stating, "[m]y client's Offer of Judgment in this matter, pursuant to F.R.C.P. 68, is hereby withdrawn."  After plaintiff's counsel had seen this letter, Archbold filed on the docket later the same day, September 5, 2012, an "Acceptance of Offer of Judgment."  Under Rule 68(a), the Clerk was required to enter judgment, but no judgment was ever entered.  On September 6, 2012 apparently before the Clerk had an opportunity to do so, Beneficial filed "Objections" to Archbold's acceptance of the offer of judgment, and Archbold then filed a memorandum of law in response to those objections.

On September 10, 2012, Beneficial filed a motion to dismiss the action for failure to state a claim under Rule 12(b)(6).  Among other arguments in her responsive brief,

Archbold contends that the motion should be denied as moot because she previously accepted Beneficial's offer of judgment under Rule 68(a), and such offers are irrevocable.  Beneficial did not file a reply brief and accordingly only addressed this argument in its "Objections" to Archbold's acceptance of the offer of judgment.

Our Court of Appeals has not addressed whether a defendant may revoke an offer of judgment under Rule 68(a) within the fourteen days which the Rule provides for the plaintiff to accept the offer.  However, the Court of Appeals for the District of Columbia faced this issue in Richardson v. National Railroad Passenger Corp, 49 F.3d 760 (D.C. Cir. 1995).  In that case, the plaintiff initiated a personal injury action against the National Railroad Passenger Corporation ("Amtrak").  Id. at 761.  After the plaintiff won a jury verdict, the district court ordered a new trial.  Id.  Prior to the second trial, Amtrak presented the plaintiff with an offer of judgment pursuant to Rule 68.  Id. at 762.  At the time, Rule 68 allowed for a period of ten days for review of an offer, rather than fourteen days under the current Rule.  Fed. R. Civ. P. 68.

During the ten-day period, Amtrak notified the plaintiff by fax to his counsel that it had revoked its offer.  Richardson, 49 F.3d at 762.  The next day, the plaintiff filed an acceptance of the Rule 68 offer with the court.  Id.  Amtrak immediately filed a "Motion to Set Aside Plaintiff's Purported Acceptance" on the ground that the offer had been withdrawn.  The

Clerk thereupon deferred entering the judgment.  Id.  The trial court concluded that Rule 68 offers were generally irrevocable except when induced by fraud or other misconduct by the plaintiff.  Id. at 763.

On appeal, Amtrak contended that offers under Rule 68 operate as offers under the law of contracts and thus can be revoked at any time prior to acceptance.  Id.  Beneficial has made the same argument here.  Citing various other federal courts and commentators, the Court of Appeals in Richardson affirmed the trial court's decision and rejected this argument.  Id.  It held that offers under Rule 68 are irrevocable during the period provided in the Rule for consideration of the offer, absent fraud or other misconduct by the plaintiff.  Id. (citations omitted).  If the defendant contends that there was any misconduct, the proper way to proceed is for the defendant to attack the judgment entered under Rule 68 by bringing a motion under Rule 60 of the Federal Rules of Civil Procedure.[1]  The Court of Appeals reasoned that Rule 68 puts significant pressure on the plaintiff to accept the offer or be faced with the possibility of costs, and in return the plaintiff is guaranteed the ten-day period "to ponder

---

1. Rule 60 provides in relevant part:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; ...or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60.

the matter."  Id. at 765.  We find the analysis of the court in Richardson to be persuasive.

In summary, Beneficial's Rule 68 offer was irrevocable for fourteen days after it was presented, and its attempt to withdraw the offer before the expiration of that time is void under the present circumstances.  No evidence of any misconduct by Archbold has been presented nor has Beneficial made any such motion under Rule 60.  Accordingly, plaintiff's acceptance of the offer of judgment is valid, and the Clerk will be directed to enter judgment under Rule 68(a) in favor of the plaintiff pursuant to the terms of the offer and acceptance.  We will deny Beneficial's motion to dismiss this action as moot.